# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TROTTER OVERHEAD DOOR, INC., )
                                            )
            Plaintiff, )
vs. ) NO. CIV-11-1348-HE
                                            )
TROTTER DOORS, LLC., ET AL., )
                                            )
            Defendants. )

## ORDER

Plaintiff has moved to exclude, on <u>Daubert</u> grounds,[1] the testimony of Terry L. Watt.[2] Defendants seek to offer the testimony of Mr. Watt on the questions of whether the mark "Trotter Overhead Door" was distinctive and, if not, which party has the burden to prove or disprove whether the mark had acquired secondary meaning in the relevant market. Defendants also seek to offer his testimony as to whether, if a protectable trademark existed and was orally licensed, plaintiff exerted sufficient control over the licensee to avoid a conclusion that the mark had been abandoned. In general, plaintiff argues that Mr. Watt's opinions are ones of law not appropriate for expert testimony, that his opinions are unsupported by any articulated basis beyond his own conclusions, and that the jury would be capable of reaching its own conclusions without the need for expert testimony on the pertinent points. Defendants argue the contrary — that Mr. Watt's opinions and expert report

---

[1]<u>Daubert v. Merrill Dow Pharm. Inc.,</u> 509 U.S. 579 (1993).

[2]Defendants refer to Mr. Watt as "Dr. Watt," which appears technically correct as he has both a Ph.D. and J.D. degrees. However, as the expertise relevant to this matter relates to his status as an intellectual property lawyer, rather than the field in which he earned the Ph.D., the court uses the customary means of address for lawyers notwithstanding the Ph.D. degree.

are sufficient under Daubert and Rule 26 and that, even if deficient, there is no substantial harm to plaintiff. They also argue that plaintiff's motion violates LCvR 37.1.[3]

The matter of Rule 37.1 is easily disposed of. That rule requires, as a precondition to the filing of a motion relating to a discovery dispute, that the parties have met and conferred through counsel in an attempt to resolve the dispute. The subject matter of the rule is discovery disputes. The present dispute, though obviously related to matters produced in discovery, is not a "discovery dispute" of the sort contemplated by the rule. Rather, a Daubert challenge like that involved here is in the nature of a motion in limine directed to the use and admissibility of expert testimony. Rule 37.1 does not apply.

Rule 702 of the Federal Rules of Evidence, which substantially incorporates the principles of Daubert, governs the admission of expert testimony. "In accord with [Rule 702], the Supreme Court has determined that the [trial judge] 'must ensure that any and all scientific testimony or evidence is not only relevant, but reliable.'" Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1232 (10th Cir. 2004) (quoting Daubert, 509 U.S. at 589). This gatekeeper function applies to all expert testimony, not merely to that deemed to be "scientific" in nature. Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 147-49 (1999). The rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[3]*Given the nature of Mr. Watt's opinions, the nature of the objections to them, and the discussion in the parties' written submissions, the court concludes a hearing is not necessary to resolve this motion.*

2

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

In deciding the admissibility of expert testimony, the court must determine whether the expert is proposing to testify to scientific or other specialized knowledge which will assist the trier of fact in understanding or determining a fact in issue. <u>Daubert</u>, 509 U.S. at 592. The court first determines whether the proposed expert is qualified to offer an opinion on the issues involved in the particular case. <u>Ralston v. Smith & Nephew Richards, Inc.</u>, 275 F.3d 965, 969 (10th Cir. 2001). A qualified expert must possess the necessary knowledge, skill, experience, training or education relevant to the facts at issue. *Id.* The court then must conduct a two-part inquiry to fulfill its <u>Daubert</u> gatekeeping role, determining first if the expert's proffered testimony has "'a reliable basis in the knowledge and experience of his [or her] discipline.'" <u>Bitler</u>, 400 F.3d at 1232-33 (quoting <u>Daubert</u>, 509 U.S. at 592). In making this determination, the district court must decide whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* at 1233. Second, the district court must inquire "into whether proposed testimony is sufficiently 'relevant to the task at hand.'" *Id.* at 1234 (quoting <u>Daubert</u>, 509 U.S. at 597). Is there an appropriate "fit" between the evidence offered and the material issue to which it is directed?

In determining whether an expert's proffered testimony meets the Rule's reliability standards, Daubert and Rule 702 provide a non-exclusive list of factors for consideration, if applicable. As the 2000 Advisory Committee Notes to Rule 702 state:

> The specific factors explicated by the Daubert court are (1) whether the expert's technique or theory can be or has been tested — that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community.

The court determines the relevance or "fit" of proposed testimony and also considers the related question of helpfulness to the jury. Expert testimony is unnecessary where it addresses a question the jury is capable of assessing or determining for itself. Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994). Further, the proposed testimony may not go to ultimate issues of law governing the jury's deliberations, as instructions on the law are the function of the court. United States Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd., 582 F.3d 1131, 1150 (10th Cir. 2009); Specht v. Jensen, 832 F.2d 1516 (10th Cir. 1988).

The burden of demonstrating the admissibility of expert testimony, tested against the standards of Daubert and Rule 702, is on the proponent of the testimony. U.S. v. Nachio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 (10th Cir. 2001).

Plaintiff does not challenge Mr. Watt's qualifications to offer an opinion as to the

subject matter of this case, recognizing his substantial training and experience in the intellectual property law area. It does question whether his opinions otherwise meet the "reliability," "fit," and related standards of Daubert/Rule 702.

The court concludes plaintiff's objections to Mr. Watt's testimony are substantially correct. As noted above, there must be a reliable basis in the knowledge and experience of the discipline for the opinion the witness seeks to offer. Fed.R.Civ.P. 26(a)(2)(B) requires a written expert report disclosing both the opinions intended to be offered and the "basis and reasons for them." Mr. Watt's expert report recites the facts he assumed to be true, the documents he reviewed, and the conclusions he drew as to the facts. It does not, however, provide any meaningful guidance as to how he reached the particular conclusions. It is not enough for a knowledgeable expert to say, in effect, "trust me, I know." *See* Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) (opinion evidence not admissible where it is "connected to existing data only by the *ipse dixit* of the expert). For an expert's opinions to be admissible, the basis for them must be identified in some fashion. Here, Mr. Watt's are not.

The bigger problem with Mr. Watt's opinions is their subject matter. His opinions are, in substantial part, directed to issues of law that are properly the province of the court rather than the subject of testimony. For example, the question of which party has the burden of proving or disproving distinctiveness is one for the court. Other issues raised by the parties are perhaps less clearly pure questions of law, but are nonetheless ones which will be addressed by the court through the jury instruction process.

Finally, the opinion as to abandonment of any trademark — whether plaintiff exerted

sufficient control over the mark to avoid abandonment — is problematic. Mr. Watt opines that he found no evidence that plaintiff controlled the quality of the installation, maintenance and repair of the garage doors. It may well be true that plaintiff did not supervise the installation of any particular door, but there is deposition testimony, presumably reviewed by Mr. Watt, that plaintiff exerted control over quality through its control of the brands/distributors its alleged licensee used. There is also testimony that it controlled the use of logos (hats, shirts and similar promotional items) by its alleged "licensee." The suggestion that there is no evidence of control is incorrect. Even apart from that concern, there is no apparent reason why, confronted with the disputed evidence on this point, a properly instructed jury could not appropriately weigh the evidence and determine the issue for itself without expert assistance. See Thompson, 34 F.3d at 941.

Plaintiff's motion to exclude the testimony of Mr. Watts [Doc. #73] is **GRANTED**. The proffered testimony will be excluded.

**IT IS SO ORDERED**.

Dated this 26th day of August, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE